**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07-CV-P64-S**

**DANIEL WADE MURPHY**                                                                             **PLAINTIFF**

**v.**

**OFFICER WILLIAM WESLEY** *et al.*                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court must dismiss this action because it is apparent from the face of the complaint that the action is barred by the statute of limitations.

Plaintiff alleges that "on August eight two thousand five" he was assaulted by the Defendant Officers. He further states that "I have been here for almost a year and a half and have not been able to tell my side."

The United States Supreme Court has just issued its decision in *Jones v. Bock,* 549 U.S. ___, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). While dealing primarily with the pleading standard for 42 U.S.C. § 1997e exhaustion, the *Jones's* court gave guidance to lower federal courts undertaking their 28 U.S.C. § 1915A screening responsibilities. The *Jones's* court explained that a 28 U.S.C. § 1915A(b)(1) dismissal for failure to state a claim would be appropriate where:

> the allegations, taken as true, show the plaintiff is not entitled to relief. ***If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim***; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in

> the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F. 3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F. 3d 548, 551 (1st Cir. 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F. 3d 67, 74-75 (2nd Cir 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Id.* at 920-21 (emphasis added).

Thus, while the statute of limitations is an affirmative defense, if it is absolutely apparent from the face of the complaint that a prisoner's complaint is barred by the applicable statute of limitations, then dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

Having reviewed Plaintiff's complaint, the Court determines that this claim is time-barred. Plaintiff unequivocally states that the events about which he complains occurred in August 2005 and that he has been waiting to "tell his side" for "almost a year and half." Plaintiff did not commence this action until February 2, 2007. While the statute is tolled during the pendency of the grievance procedure, Plaintiff affirmatively states in his complaint that he

did not initiate the grievance process. Thus, the statute of limitations expired sometime in August 2006, approximately six months before Plaintiff filed this action.

       The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*  
       Defendants  
4411.008